UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

No. 9:18-cv-81277-Rosenberg/Reinhart

ADT LLC,

    Plaintiff,

        v.

ADAM D. SCHANZ, ALDER HOLDINGS, LLC,
ALARM PROTECTION ALABAMA LLC, ALARM
PROTECTION CALIFORNIA LLC, ALARM
PROTECTION FLORIDA LLC, ALARM
PROTECTION GEORGIA LLC, ALARM
PROTECTION MISSISSIPPI LLC, ALARM
PROTECTION TENNESSEE LLC, ALARM
PROTECTION TEXAS LLC, ALARM
PROTECTION ALASKA LLC, ALARM
PROTECTION ARKANSAS LLC, ALARM
PROTECTION KENTUCKY LLC, ALARM
PROTECTION OKLAHOMA LLC, ALARM
PROTECTION MANAGEMENT LLC, ALARM
PROTECTION TECHNOLOGY LLC,
RHODESIAN PROTECTION LLC, and
BOERBOEL PROTECTION LLC,

    Defendants.
_____/

## AMENDED COMPLAINT

Plaintiffs ADT LLC, through undersigned counsel, brings this action for compensatory damages, specific performance, declaratory relief, prejudgment interest, attorney fees and other costs of suit against the defendants, and alleges:

### SUMMARY OF THE CASE

1.    This action follows *ADT LLC v. Alarm Protection LLC*, No. 9:15-cv-80073, ("*Alarm Protection*"), which the parties settled on May 24, 2017.   It seeks to

enforce the settlement's requirement that defendants pay ADT $2 million plus interest no later than September 1, 2018, as well as the requirement defendants provide ADT with nonmonetary assurances of payment, including a personal guaranty from defendant Adam Schanz, and security interests in Alder customer accounts.  It also seeks declarations that ADT has not violated the settlement of the permanent injunction entered pursuant to the settlement, and that defendants stand in breach of the injunction's dispute resolution procedures.

## PARTIES

2. Plaintiff ADT LLC is a Delaware limited liability company with its principal place of business at 1501 Yamato Road, Boca Raton, Florida 33431.  ADT LLC is a citizen and domiciliary of the States of Delaware and Florida because its member, The ADT Security Corporation, is a corporation organized under the laws of the State of Delaware with its principal place of business at 1501 Yamato Road, Boca Raton, Florida.

3. Defendant Adam Schanz is a citizen and domiciliary of the State of Utah.

4. Each of the limited liability company defendants ("LLC Defendants") was organized by Mr. Schanz, and Mr. Schanz is the manager and the ultimate owner of each. As explained below, each of the LLC Defendants is a citizen and domiciliary of the State of Utah.

5. Defendant Boerboel Protection LLC is a citizen and domiciliary of the State of Utah.  Boerboel Protection LLC maintains offices at 800 North 350 West, Suite 305, Salt Lake City, Utah 84103, and has designated as its agent for service of process M&B Corporate Services, LLC, Nine Exchange Place, Suite 600, Salt Lake City, Utah

84111.  Boerboel Protection LLC is a citizen of Utah because its member, Adam Schanz, is a citizen of Utah.

6. Alder Holdings LLC is a citizen and domiciliary of the State of Utah. Alder Holdings LLC maintains offices at 450 North 1500 West, Orem, Utah 84057, and has designated as its agent for service of process M&B Corporate Services, LLC, Nine Exchange Place, Suite 600, Salt Lake City, Utah 84111.  Alder Holdings LLC is a citizen of Utah because its member, Boerboel Protection LLC, is a citizen of Utah.

7. Alder Protection Holdings LLC is a citizen and domiciliary of the State of Utah.  Alder Protection Holdings LLC maintains offices at 800 North 350 West, Suite 305, Salt Lake City, Utah 84103, and has designated as its agent for service of process M&B Corporate Services, LLC, Nine Exchange Place, Suite 600, Salt Lake City, Utah 84111.  Alder Protection Holdings LLC is a citizen of Utah because its member, Boerboel Protection LLC, is a citizen of Utah.

8. Alarm Protection Technology LLC is a citizen and domiciliary of the State of Utah.  Alarm Protection Technology LLC maintains offices at 450 North 1500 West, Orem, Utah 84057, and has designated as its agent for service of process M&B Corporate Services, LLC, Nine Exchange Place, Suite 600, Salt Lake City, Utah 84111.  Alarm Protection Technology LLC is a citizen of Utah because its member, Alder Protection Holdings LLC, is a citizen of Utah.

9. Rhodesian Protection LLC is a citizen and domiciliary of the State of Utah.  Rhodesian Protection LLC maintains offices at 800 North 350 West, Suite 305, Salt Lake City, Utah 84103, and has designated as its agent for service of process M&B Corporate Services, LLC, Nine Exchange Place, Suite 600, Salt Lake City, Utah 84111.

Rhodesian Protection LLC is a citizen of Utah because its member, Alarm Protection Technology LLC, is a citizen of Utah.

10. Alarm Protection Management LLC is a citizen and domiciliary of the State of Utah. Alarm Protection Management LLC maintains offices at 450 North 1500 West, Orem, Utah 84057, and has designated as its agent for service of process Corporation Service Company, 10 E. South Temple, Suite 850, Salt Lake City, Utah 84133. Alarm Protection Management LLC is a citizen of Utah because its member, Rhodesian Protection LLC, is a citizen of Utah.

11. Alarm Protection Alabama LLC is a citizen and domiciliary of the State of Utah. Alarm Protection Alabama LLC maintains offices at 450 North 1500 West, Orem, Utah 84057, and has designated as its agent for service of process Corporation Service Company, 10 E. South Temple, Suite 850, Salt Lake City, Utah 84133. Alarm Protection Alabama LLC is a citizen of Utah because its member, Rhodesian Protection LLC, is a citizen of Utah.

12. Alarm Protection California LLC is a citizen and domiciliary of the State of Utah. Alarm Protection California LLC maintains offices at 450 North 1500 West, Orem, Utah 84057, and has designated as its agent for service of process Corporation Service Company, 10 E. South Temple, Suite 850, Salt Lake City, Utah 84133. Alarm Protection California LLC is a citizen of Utah because its member, Rhodesian Protection LLC, is a citizen of Utah.

13. Alarm Protection Florida LLC is a citizen and domiciliary of the State of Utah. Alarm Protection Florida LLC maintains offices at 450 North 1500 West, Orem, Utah 84057, and has designated as its agent for service of process Corporation Service

Company, 10 E. South Temple, Suite 850, Salt Lake City, Utah 84133.  Alarm Protection Florida LLC is a citizen of Utah because its member, Rhodesian Protection LLC, is a citizen of Utah.

14. Alarm Protection Georgia LLC is a citizen and domiciliary of the State of Utah.  Alarm Protection Georgia LLC maintains offices at 450 North 1500 West, Orem, Utah 84057, and has designated as its agent for service of process Corporation Service Company, 10 E. South Temple, Suite 850, Salt Lake City, Utah 84133.  Alarm Protection Georgia LLC is a citizen of Utah because its member, Rhodesian Protection LLC, is a citizen of Utah.

15. Alarm Protection Mississippi LLC is a citizen and domiciliary of the State of Utah.  Alarm Protection Mississippi LLC maintains offices at 450 North 1500 West, Orem, Utah 84057, and has designated as its agent for service of process Corporation Service Company, 10 E. South Temple, Suite 850, Salt Lake City, Utah 84133.  Alarm Protection Mississippi LLC is a citizen of Utah because its member, Rhodesian Protection LLC, is a citizen of Utah.

16. Alarm Protection Tennessee LLC is a citizen and domiciliary of the State of Utah.  Alarm Protection Tennessee LLC maintains offices at 450 North 1500 West, Orem, Utah 84057, and has designated as its agent for service of process Corporation Service Company, 10 E. South Temple, Suite 850, Salt Lake City, Utah 84133.  Alarm Protection Tennessee LLC is a citizen of Utah because its member, Rhodesian Protection LLC, is a citizen of Utah.

17. Alarm Protection Texas LLC is a citizen and domiciliary of the State of Utah.  Alarm Protection Texas LLC maintains offices at 450 North 1500 West, Orem,

Utah 84057, and has designated as its agent for service of process Corporation Service Company, 10 E. South Temple, Suite 850, Salt Lake City, Utah 84133.  Alarm Protection Texas LLC is a citizen of Utah because its member, Rhodesian Protection LLC, is a citizen of Utah.

18.     Alarm Protection Alaska LLC is a citizen and domiciliary of the State of Utah.  Alarm Protection Alaska LLC maintains offices at 450 North 1500 West, Orem, Utah 84057, and has designated as its agent for service of process Corporation Service Company, 10 E. South Temple, Suite 850, Salt Lake City, Utah 84133.  Alarm Protection Alaska LLC is a citizen of Utah because its member, Rhodesian Protection LLC, is a citizen of Utah.

19.     Alarm Protection Arkansas LLC is a citizen and domiciliary of the State of Utah.  Alarm Protection Arkansas LLC maintains offices at 450 North 1500 West, Orem, Utah 84057, and has designated as its agent for service of process Corporation Service Company, 10 E. South Temple, Suite 850, Salt Lake City, Utah 84133.  Alarm Protection Arkansas LLC is a citizen of Utah because its member, Rhodesian Protection LLC, is a citizen of Utah.

20.     Alarm Protection Kentucky LLC is a citizen and domiciliary of the State of Utah.  Alarm Protection Kentucky LLC maintains offices at 450 North 1500 West, Orem, Utah 84057, and has designated as its agent for service of process Corporation Service Company, 10 E. South Temple, Suite 850, Salt Lake City, Utah 84133.  Alarm Protection Kentucky LLC is a citizen of Utah because its member, Rhodesian Protection LLC, is a citizen of Utah.

21. Alarm Protection Oklahoma LLC is a citizen and domiciliary of the State of Utah. Alarm Protection Oklahoma LLC maintains offices at 450 North 1500 West, Orem, Utah 84057, and has designated as its agent for service of process Corporation Service Company, 10 E. South Temple, Suite 850, Salt Lake City, Utah 84133. Alarm Protection Oklahoma LLC is a citizen of Utah because its member, Rhodesian Protection LLC, is a citizen of Utah.

## JURISDICTION AND VENUE

22. This Court has jurisdiction over this action pursuant to section 1332 of title 28 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

23. Venue lies in this District pursuant to section 1391(b) of title 28 because defendants are found in this District, and because a substantial number of the events giving rise to the claims asserted in this Complaint occurred in this District.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

24. ADT sued the defendants in 2015 in the *Alarm Protection* suit for an injunction to stop defendants from making false claims of ADT affiliation in the sale of alarm services to ADT's customers – a practice commonly called "slamming" – and for damages to compensate ADT for its losses caused by past slams.

25. On May 24, 2017, the parties settled *Alarm Protection* in a settlement conference convened by this Court (Hopkins, J.) in Palm Beach County, Florida.

26. The settlement required defendants to provide consideration in several forms. First, the settlement required defendants to pay ADT $3 million consisting of one

payment of $1 million in 2017, and another $2 million plus interest no later than September 1, 2018.

27. In addition, the settlement required Mr. Schanz to give ADT a personal guarantee for all unpaid sums.

28. In addition, the settlement required defendants sign a promissory note putting up customer accounts as security for the payment of the note.

29. Specifically, the settlement required defendants to give ADT a security interest in 1500 customer accounts.

30. The settlement provided for entry of an agreed Permanent Injunction. The Court entered the Permanent Injunction on October 20, 2017. The Permanent Injunction Provides in part that, "in the event any party is required to enforce the terms of the Final Settlement Agreement, the party enforcing the terms of the Final Settlement Agreement shall be awarded attorneys' fees and other costs if successful."

31. Defendants paid ADT the initial $1 million payment owed in 2017.

32. Defendants have since breached each of the settlement's other terms.

33. Defendants have not paid ADT the $2 million plus interest owed by September 1, 2018. Defendants ignored ADT's request for payment.

34. Further, Mr. Schanz has refused to give ADT the promised personal guarantee.

35. Further, defendants have not signed a promissory note, or given ADT a security interest in their customer accounts.

36. Further, defendants have refused to provide ADT with complete copies of the contracts offered as collateral, or the information required to confirm that any offered

accounts would have the values ascribed to them by the parties at the settlement conference.

37. ADT has performed all conditions to defendants' performance of their obligations under the settlement.

## COUNT ONE
## BREACH OF CONTRACT – DAMAGES

38. ADT incorporates Paragraphs 1 through 37, as if set forth fully here.

39. ADT has performed its obligations under the parties' settlement.

40. Defendants have not paid ADT the $2 million plus interest owed by September 1, 2018, as required by the parties' settlement.

WHEREFORE, ADT respectfully requests that the Court enter judgment in its favor and against defendants, and enter an order awarding ADT

    a. Damages in the amount of $2 million plus interest as provided by the parties' settlement;

    b. ADT's attorney fees and other costs of bringing this suit to enforce the settlement, as provided by the settlement and injunction; and

    c. Such other and further relief as the Court may deem appropriate in the circumstances.

## COUNT TWO
## BREACH OF CONTRACT – SPECIFIC PERFORMANCE

41. ADT incorporates Paragraphs 1 through 37, as if set forth fully here.

42. ADT has performed its obligations under the parties' settlement.

43. The settlement required defendants to provide ADT with nonmonetary protections to ensure that ADT would receive the payments owed under the settlement. Defendants have given ADT none of these protections.

44. Defendants promised to give ADT a promissory note, with security interests in 1500 customer accounts.

45. Defendants have not given ADT any such note. Further, defendants refused to provide ADT with complete copies of the contracts they would have needed to perfect security interests in the accounts, or provide any information about the accounts to confirm that they had value.

46. Mr. Schanz promised to give ADT a personal guarantee for the unpaid sums. Mr. Schanz has refused to give ADT any such guarantee.

WHEREFORE, ADT respectfully requests that the Court enter judgment in its favor and against defendants, and award the following relief:

    a. An order compelling defendants' specific performance with the settlement's requirements that Mr. Schanz provide a personal guarantee for all unpaid sums owed under the settlement, that defendants execute a promissory note for the entire sum, the defendants produce 1500 customer contracts as collateral for the sum owed, that defendants provide the contracts needed to perfect the security interest, and that defendants provide information to confirm that the collateral has value;

    b. ADT's attorney fees and other costs of bringing this suit to enforce the settlement, as provided by the settlement and injunction; and

      c.      Such other and further relief as the Court may deem appropriate in the circumstances.

## COUNT THREE
## DECLARATORY RELIEF

47. ADT incorporates Paragraphs 1 through 37, as if set forth fully here.

48. ADT brings this claim for relief under the Declaratory Judgment Act, 28 U.S.C. § 2201.

49. The injunction entered at DE 431 in *Alarm Protection* requires ADT to engage in a dispute resolution process stated in the injunction "before ADT files any motion for contempt or any motion to enforce the injunction."

50. The injunction does not bar ADT from pursuing rights against defendants other than a motion for contempt or a motion to enforce the injunction, as recognized by decisions such as *ADT LLC v. Vision Security LLC*, No. 9:13-cv-81197, DE 69 (S.D. Fla. July 30, 2014) (Hurley, J.) ("*Vision*").

51. The injunction does not bar ADT from conducting discovery with regard to customers who have lodged complaints against defendants that have not yet been resolved by the injunction's dispute resolution procedures, again as recognized in decisions such as *Vision*.

52. ADT's pursuit of its rights against defendants apart from contempt sanctions, and its conduct of discovery of customer allegations that defendants defrauded them, do not violate the injunction, again as recognized by decisions such as *Vision*.

53. ADT's pursuit of its rights against defendants apart from contempt sanctions, and its conduct of discovery of customer allegations that defendants defrauded them, do not breach any term of the parties' settlement.

11

54.     An actual controversy exists among the parties as to ADT's right under the injunction and settlement to seek remedies against defendants for defendants' ongoing frauds on ADT's customers other than a motion for contempt or a motion to enforce the injunction, or ADT's right to conduct discovery related to such frauds before the parties have completed the injunction's dispute resolution procedures for the frauds.

WHEREFORE, ADT respectfully requests that the Court enter judgment in its favor and against defendants declaring that ADT has not breached the parties' settlement by (1) seeking remedies against defendants other than a motion for contempt or a motion to enforce the injunction, or (2) taking discovery about complaints lodged by customers that have not been resolved by the dispute resolution process stated in the injunction, and awarding ADT such other and further relief as the Court may deem appropriate.

## COUNT FOUR
## DECLARATORY RELIEF

55.     ADT incorporates Paragraphs 1 through 37, as if set forth fully here.

56.     ADT brings this claim for relief under the Declaratory Judgment Act, 28 U.S.C. § 2201.

57.     The injunction entered at DE 431 in *Alarm Protection* requires ADT to engage in a dispute resolution process stated in the injunction "before ADT files any motion for contempt or any motion to enforce the injunction."

58.     The injunction requires that "ADT will provide written notice" to defendants of any "alleged violation and the facts and all recordings in their entirety supporting such violation."

59.     ADT has provided defendants with the required notice.

60. In addition, ADT has provided not only notice of the facts and recordings required by the injunction, but has also provided the actual recordings themselves.

61. Because the recordings contain confidential customer information such as alarm passcodes and credit card numbers, ADT has provided the call recordings to defendants on an attorneys-eyes-only ("AEO") basis, as provided by the protective orders that the parties have negotiated and the Court has entered to govern the production of records that contain personal customer information.

62. Defendants engaged ADT in the dispute resolution procedures for the 232 alleged violations contained in ADT's first notice. None was resolved through those procedures.

63. ADT has since served *nine* more notices of alleged violations as provided by the injunction, that in the aggregate allege hundreds more violations of the permanent injunction, most occurring during the 2018 summer sales season. In each of these nine subsequent notices, ADT provided defendants with all facts known to ADT about the violations without restriction, as well as copies of all call recordings that ADT has identified on an AEO basis.

64. Defendants refuse to engage ADT in the injunction's dispute resolution procedures for these hundreds of new customer complaints because ADT produced the customer call recordings on an AEO basis.

65. By refusing to engage ADT in the injunction's dispute resolution procedures, defendants stand in contempt of the injunction.

66. By refusing to engage ADT in the injunction's dispute resolution procedures, defendants have deprived ADT of the benefit of those procedures.

67. By refusing to engage ADT in the injunction's dispute resolution procedures, defendants have waived any right to invoke those procedures as a barrier to recovery in litigation by ADT.

68. An actual controversy exists among the parties as to the parties' compliance with the injunction's dispute resolution procedures, and their respective rights and obligations under the injunction and settlement.

WHEREFORE, ADT respectfully asks the Court to enter judgment in its favor and against defendants declaring that ADT has complied with the injunction's dispute resolution procedures, and that defendants stand in contempt of them, and awarding ADT such other and further relief as the Court may deem appropriate.

Dated: September 24, 2018

Respectfully submitted,

**McNEW P.A.**

s/C. Sanders McNew
_____
C. Sanders McNew
mcnew@mcnew.net
Florida Bar No. 0090561
2385 NW Executive Center Drive, Suite 100
Boca Raton, Florida 33431
Tel: (561) 299-0257

*Counsel for the Plaintiff, ADT LLC*

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 24th day of September, 2018, I caused a true and correct copy of the foregoing Notice to be served by CM/ECF on all parties listed to receive electronic service for this case. Additionally, undersigned counsel will serve a copy of this Amended Complaint upon all defendants along with the summonses issued to each by the Clerk for this cause.

                   s/ C. Sanders McNew
                   _____
                   C. Sanders McNew