UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-CV-81277-ROSENBERG/REINHART

ADT LLC,

    Plaintiff,

v.

ADAM D. SCHANZ, et al.,

    Defendants.

_____/

## ORDER DENYING ALL PENDING MOTIONS FOR SUMMARY JUDGMENT

This matter is before the Court on Defendants' Motion for Partial Summary Judgment [DE 65] and Plaintiff's Motion for Partial Summary Judgment [DE 50]. Both Motions have Responses. For the reasons set forth below, both Motions are denied.

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The existence of a factual dispute is not by itself sufficient grounds to defeat a motion for summary judgment; rather, "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A dispute is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (citing *Anderson*, 477 U.S. at 247-48). A fact is material if "it would affect the outcome of the suit under the governing law." *Id.* (citing *Anderson*, 477 U.S. at 247-48). In deciding a summary judgment motion, the Court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *See Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006). The

Court does not weigh conflicting evidence. *See Skop v. City of Atlanta*, 485 F.3d 1130, 1140 (11th Cir. 2007). Thus, upon discovering a genuine dispute of material fact, the Court must deny summary judgment. *See id.*

This is the fourth case between the parties. In the second case, *ADT v. Alarm Protection*, No. 15-CV-80073 ("*ADT II*"), the parties reached a settlement agreement. The instant case, the fourth and latest case ("*ADT IV*"), concerns disputes over that settlement agreement.

Plaintiff's Motion seeks entry of judgment as to Count I (Breach of Contract for Damages) and Count II (Breach of Contract for Specific Performance). Plaintiff's Motion is premised on the contention that there is no dispute in the record that Defendants breached a contract—the settlement agreement in *ADT II*. In response, Defendants contend that Plaintiff itself breached the settlement agreement and, as a result, Defendants were relieved of further performance under the agreement. Under Florida law, a material breach of a contract excuses the nonbreaching party from its obligations. *E.g., Green Tree Servicing, LLC v. Milam*, 177 So. 3d 7, 14 (Fla. Dist. Ct. App. 2015). The Court therefore examines the specifics of Defendants' position to determine whether Plaintiff's alleged breach could be a material breach.

Defendants contend that Plaintiff violated the alternative dispute resolution component of the parties' settlement agreement. The parties' essential (material) terms for the settlement agreement were read into the record at a settlement conference before this Court:

> THE COURT: And I understand we have a settlement. Who is going to announce the essential terms?
>
> MS. NICOLE: Judge, I believe I am.
>
> . . .
>
> And, then, the second part of the agreement the next essential term, is if ADT believes there has been a violation of the injunction, the parties have agreed to a

dispute resolution process that has to be followed prior to filing a motion for contempt with the Court, which includes just generally speaking, written notice and production of the recordings and other facts relating to the alleged violation. And a timeframe of 14 days to resolve the dispute. If it is not done it will go to mediation within 45 days and if it is not resolved in mediation, then, ADT may seek appropriate relief with the Court.

*ADT II*, 15-CV-80073, at DE 414 at 6. Consistent with the parties' agreement, the Court entered an agreed-upon injunction which included the following provision:

> The parties will work together in good faith to bring a prompt resolution of the dispute concerning the alleged violation.

*Id.* at DE 431. Defendants contend that Plaintiff did not engage in a "good faith" resolution of "the" disputed violation(s), because Plaintiff demanded damages during dispute resolution not only for "the" disputed violation(s), but also for unknown violations. In both *ADT II* and *ADT III* (17-CV-81237), Plaintiff demanded an award of damages not only for known damages, but also for unknown damages on the theory that it had suffered an uncertain, unknowable amount of damages stemming and flowing from its known, concrete damages. Plaintiff thus argued to the jury that it should receive a damages award multiplier, multiplying its known damages by a certain amount, as high as a multiple of six or seven. In contrast, Defendants argued that the probability of a deceived customer complaining was high, and that no damages multiplier was appropriate. Defendants contend that at the alternative dispute resolution, Plaintiff demanded that its known damages be multiplied, much as Plaintiff demanded from the jury in *ADT III*. In *ADT IV*, Plaintiff's counsel was deposed regarding ADT's position on its alternative dispute resolution damages demand:

> Q: Is it ADT's position that . . . when attempting to resolve disputes [through alternative dispute resolution] that it should receive damages for customers other than those actually identified in the notices of violation?
>
> A: Yes.

3

*ADT IV*, DE 66-11 at 17-18.

Construing all inferences in favor of the non-moving party, the Defendants, there is at least a question of material fact as to whether Defendants' defense that Plaintiff violated the alternative dispute resolution procedures would be a breach of a material term of the settlement agreement for two reasons. First, the parties were required to resolve "the" disputed violation(s), not known violations *and* unknown violations. Second, Plaintiff's obligation to negotiate in good faith may mean that a demand for a damages modifier, particularly a high damages modifier, caused Plaintiff to violate the terms of the parties' settlement agreement.[1] At the summary judgment stage, on the record before the Court, the Court simply cannot conclude whether Plaintiff engaged in a good faith resolution of its claims—an analysis of a party's good faith intentions is a fact-intensive inquiry. *See, e.g.*, *Duval Cnty. Sch. Bd. v. Fla. Public Emps. Relations Comm'n*, 353 So. 2d 1244, 1248 (Fla. Dist. Ct. App. 1978). For these reasons,[2] Plaintiff's Motion for Summary Judgment is denied.

Turning to Defendants' Motion for Summary Judgment, Defendants seek judgment in favor of all Defendants other than Alder Holdings, LLC. More specifically, Defendants contend that whenever the parties referred to "Alder" at the settlement conference in *ADT II*, the parties were referring to Alder Holdings, LLC—not the many other Defendants in the case, most of which had the word "Alder" in their name. In opposition, Plaintiff argues that when the parties used the

---

1 There are other grounds to perhaps infer that Plaintiff did not engage in good faith negotiations; the Court emphatically rejected Plaintiff's prior position that it need not comply with dispute resolution procedures if it chose not to do so. *ADT III*, DE 31 at 9 ("Plaintiff's position is therefore that it gets to choose. . . . The Court unequivocally rejects Plaintiff's position as directly contravening the terms of the parties' settlement agreement and the terms of the injunction.").

2 There is also a question of material fact over whether Defendant Adam Schanz's agreement to secure a debt was limited insofar as his agreement was only to secure a promissory note (which was never executed).

4

word "Alder" all parties knew that the term referenced all Defendants, not just Alder Holdings, LLC. Construing all inferences in favor of Plaintiff, the record does not clearly establish what the parties meant by the use of the word "Alder" at the settlement conference. For this reason, Defendants' Motion for Summary Judgment is denied.

For all of the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion for Partial Summary Judgment [DE 65] and Plaintiff's Motion for Partial Summary Judgment [DE 50] are both **DENIED**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 14th day of June, 2019.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record