UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-CV-81277-ROSENBERG/REINHART

ADT LLC,

    Plaintiff,

v.

ADAM D. SCHANZ, et al.,

    Defendants.
_____/

## **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

This matter is before the Court on Plaintiff's Motion for Reconsideration [DE 76]. For the reasons set forth below, the Motion is denied.

Plaintiff argues that, as a matter of law, Plaintiff cannot be found to have arbitrated its claims in bad faith. First, as to the Court's conclusion that Plaintiff's refusal to initially arbitrate its claims could be viewed, in the light most favorable to Defendants, as evidence of bad faith, the Court finds Plaintiff's argument—that it relied upon a prior decision of Judge Hurley—to be unpersuasive; this is an argument that is more appropriately considered by a trier of fact wherein Plaintiff's credibility may be weighed.

Second, the Motion all but ignores the contractual nature of the duty to arbitrate in good faith in this case. The Plaintiff's duty to arbitrate in good faith did not arise under any of the Federal Rules or the Local Rules of this District. As a result, the cases that Plaintiff cites, discussing the good faith standard under the Federal Rules, are largely inapposite. Some of the authority that Plaintiff's cases cite, however, do include a discussion of a good faith requirement arising by contract and those cases lend support to Defendants' position in this case. *See Access Now, Inc. v.*

*City of Miami*, No. 12-21413, 2008 WL 208605 (S.D. Fla. Mar. 13, 2008); *Vay v. Huston*, No. 14-769, 2015 WL 791430 (W.D. Pa. Feb. 25, 2015). The operative question is not what "good faith" means under the Federal Rules, but rather what the parties intended "good faith" to mean when they entered into their settlement agreement.[1] Thus, the analysis is whether the agreement between the parties would have precluded Plaintiff's behavior, when viewed in the light most favorable to the Defendants. This question must be resolved by a trier of fact.

Third, the Court is well aware of its rulings on Plaintiff's damages modifier demand. These rulings, however, concerned Plaintiff's ability, based upon expert witness testimony, to present its damages theory to a jury. In other words, while the Court's prior lens was through the Federal Rules of Evidence, the appropriate lens for the present question is the very terms of the parties' settlement agreement, an agreement that was never fully memorialized in writing. To the extent that Plaintiff argues that Defendants' version of the facts is wrong, this, too, is a matter that must be resolved by the trier of fact.

Fourth and finally, the second part of Plaintiff's Motion raises such questions as: have Defendants waived their defenses in this case; what is the interplay between breach of the injunction and breach of the settlement; what effect does the *ADT III* judgment have on Defendants' defense in the instant case; and what effect, if any, did the Court's lifting of the stay in *ADT IV* have on Defendants' defenses? Plaintiff elected to file a short motion for summary judgment with little legal argument rather than filing a more extensive motion for summary judgment that sought adjudication on each of these issues. Similarly, Plaintiff could have waited until the close of discovery to file its Motion when it knew the full scope of Defendants' defenses

---

1 The reference to "good faith" in the Court's injunction in this case stems from the parties' agreement for that term to be included in the injunction.

in this case and thereby addressed them in its Motion, but Plaintiff elected to pursue summary judgment relief within three months after this case was filed. The narrow relief that Plaintiff requested in its Motion was denied, and reconsideration is denied as well. *See Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. Feb. 12, 2003) ("Reconsideration may not be used to offer new legal theories [] that could have been presented . . . in a previously filed motion."). The lengthy, substantial questions raised in Plaintiff's Motion are far beyond the scope of a reply brief. The Court may permit trial briefs on these issues at the appropriate time.

For all of the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for Reconsideration [DE 76] is **DENIED**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 20th day of June, 2019.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record